IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CYNTHIA HOLLOMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 315-006 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Cynthia Holloman ("Plaintiff") appeals the decision of the Acting Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.    BACKGROUND**

Plaintiff, a forty-nine year old female, applied for SSI and DIB on August 11, 2011, alleging a disability onset date of September 21, 2010. Tr. ("R."), pp. 208-12, 215-21, 82. Her last insured date for purposes of the DIB application is December 31, 2015. R. 84. Plaintiff was forty-six years old at the time the Administrative Law Judge ("ALJ") issued the decision

currently under consideration. R. 101. Plaintiff is a high school graduate and prior to her alleged onset date, Plaintiff was employed as a kitchen worker. Id. Plaintiff applied for disability based on allegations of bilateral shoulder problems, bilateral knee problems, and obesity. R. 86.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 144, 151-52. Plaintiff then requested a hearing before an ALJ, R. 165, and the ALJ held a hearing on May 20, 2013. R. 82. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Silvio S. Reyes, a Vocational Expert. Id. On June 7, 2013, the ALJ issued an unfavorable decision. R. 90.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since September 21, 2010, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*, and 416.971 *et seq.*).

2. The claimant has the following severe impairments: bilateral shoulder pain status post-left rotator cuff tear, bilateral knee pain with synovitis, lumbago, and obesity (20 C.F.R. § 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except that she has the ability only occasionally to climb stairs, balance, stoop, kneel, crouch, and crawl; she cannot climb ladders, ropes, or scaffolds; she can use the left (non-dominant) upper extremity for frequent but not constant handling and reaching; and she must avoid hazardous work environments.

5. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform, (20 C.F.R. §§ 404.1569 and 404.1569(a), 416.969, and 416.969(a)). The claimant has not been under a disability, as defined in the Social Security Act, from September

21, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R. 119-28.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-4, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ improperly discounted a treating physician's opinion, and because the AC erred in refusing to remand Plaintiff's claim to the ALJ based on the submission of new and material evidence. See doc. no. 12 ("Pl.'s Br."). The Commissioner maintains the ALJ's assignment of weight to the medical evidence is supported by substantial evidence, and that the AC properly considered Plaintiff's additional evidence. See doc. no. 13 ("Comm'r's Br.").

## II. DISCUSSION

### A. Standard of Review.

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to

determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded to the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### B. The AC Erroneously Failed to Consider New Evidence.

The AC did not review more than fifty pages of additional evidence based on the determination that the evidence concerned a "later time" that was irrelevant to the ALJ's June 7,

4

2013 disability determination. R. 2. That evidence covered treatment records from June 20, 2013 through February 6, 2014, and included treatment by Donald H. Rosenbaum, DO, who ordered an MRI on Plaintiff's left knee and right shoulder, performed a right shoulder arthroscopy, and evaluated Plaintiff again for left and right shoulder issues, and Derrick Phillips, M.D., who evaluated Plaintiff's right shoulder after surgery.

Evidence submitted to the AC is part of the administrative record and must be considered in conjunction with the entirety of the record to determine whether substantial evidence supports the ALJ's decision. Ingram v. Comm'r of Soc. Sec. Admin, 496 F.3d 1253, 1266-67 (11th Cir. 2007). Moreover, "[w]ith a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including when asking the AC to review the ALJ's decision. Id. at 1261. Although the AC may exercise its discretion not to review the ALJ's decision, the AC "must consider new, material, and chronologically relevant evidence" submitted by a claimant. Id.; see also 20 C.F.R. § 404.970. New evidence is material if it is relevant and probative such that "there is a reasonable possibility" of changing the administrative result. Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, No. 15-10413, 2015 WL 7729553, at *3 (11th Cir. Dec. 1, 2015) (quoting Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987)); see also Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988). Evidence of medical treatment post-dating the ALJ's decision may be chronologically relevant. Washington, 2015 WL 7729553, at *4. When the AC denies review after refusing to consider new evidence, that decision is subject to judicial review. Id. at *3. "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." Id.

Here, the AC erred by refusing to consider Plaintiff's additional evidence, claiming the evidence was "about a later time." R. 2. As the record demonstrates, Plaintiff's additional

5

evidence was chronologically relevant because it related to the period on or before the date of the ALJ's decision. 20 C.F.R. § 404.976(b)(1); see Ingram, 496 F.3d at 1261.

At the hearing, Plaintiff testified to chronic knee pain that made it difficult for her to shop, bathe, stand for long periods of time, and led to her knees frequently collapsing. R. 107-108. When prompted to describe her shoulder pain, Plaintiff indicated she experienced a "real sharp pain," in both shoulders that made it difficult to raise her arms above shoulder level. R. 108. Plaintiff testified she was scheduled to undergo a left shoulder arthroscopy with Dr. Rosenbaum on May 28, 2013, and after her left shoulder issues were addressed, Dr. Rosenbaum would evaluate her right shoulder and her knees. R. 109, 409.

The additional evidence shows that after Plaintiff's left shoulder surgery, and less than a month after the ALJ issued his decision, Dr. Rosenbaum ordered an MRI examination of Plaintiff's left knee. R. 77. The left knee MRI revealed moderate (yet advance[d] for age) patellofemoral chondromalacis, mucoid degeneration of the ACL, mild tricompartmental knee joint osteoarthritis, and T2 intense soft tissue edema in Hoffa's fat pad. Id. Dr. Rosenbaum then ordered a right shoulder MRI, and one was taken on July 30, 2013. R. 72. The right shoulder MRI revealed a rotator cuff tear with impingement, and on August 13, 2013, Dr. Rosenbaum performed a right shoulder arthroscopy, subcromial decompression, acromioplasty and rotator cuff debridement. R. 62, 48. On December 2, 2013, Plaintiff saw Dr. Rosenbaum again for right shoulder pain, and Dr. Rosenbaum ordered a new MRI. R. 54. The second right shoulder MRI taken on December 16, 2013, revealed a five to six millimeter interstitial tear of the anterior fibers of the supraspinatus at the footplate with changes suggesting hydroxyapatite deposition disease and/or calcific tendonitis of the posterior infraspinatus mid belly. R. 71. The MRI also revealed mild to moderate AC joint degenerative joint disease with bony findings suggesting

6

chronic rotator cuff outlet impingement disease.  Id.  Dr. Rosenbaum recommended another surgery.  R. 53.

On January 6, 2014, Plaintiff saw Dr. Rosenbaum again, this time complaining of left shoulder pain.  R. 51.  Dr. Rosenbaum's examination revealed pain with provocative impingement signs as well as drop arm syndrome.  Id.  Dr. Rosenbaum determined it was a rotator cuff injury and recommended surgical intervention.  Id.  On February 6, 2014, Dr. Derrick Phillips evaluated Plaintiff and opined that Plaintiff's right shoulder showed generalized tenderness, limited strength, and marked limitation of motion in all directions.  R. 15.

Because this additional evidence raises significant questions about the bases upon which the ALJ evaluated Plaintiff's two main allegations of disability, bilateral knee pain and bilateral shoulder pain, the AC erred in refusing to review the additional evidence, and the administrative decision as it currently stands is not supported by substantial evidence.  The evidence is chronologically relevant even though the AC rejected it out of hand as relating to a "later time."  R. 2.  The Eleventh Circuit has made clear that chronological date alone is not dispositive.  Washington, 2015 WL 7729553, at *4.  Similar to Washington, there is no assertion or evidence that Plaintiff's shoulder or knee problems suddenly worsened in the period following the ALJ's decision.  In fact, Dr. Rosenbaum expressly planned to examine Plaintiff's knee and right shoulder issues *after* he completed her left shoulder arthroscopy on May 28, 2013.  R. 409.  Indeed, it is hard to imagine that less than two months after the ALJ's decision, Plaintiff suddenly developed patellofemoral chondromalacis, tricompartmental knee joint osteoarthritis, intense soft tissue edema in Hoffa's fat pad, or a right shoulder rotator cuff tear with impingement, when she consistently raised her bilateral knee and bilateral shoulder pain during the hearing.  R. 107-09, 72, 77.  Plaintiff's additional evidence merely revealed the actual nature

7

and severity of her shoulder and knee conditions that existed at the time prior to the ALJ's June 7, 2013 decision.

There is also a reasonable possibility that the additional evidence would change the administrative result. Washington, 2015 WL 7729553, at *3. The Commissioner argues there would likely be no change to the administrative result because Plaintiff's additional evidence merely concerns "continuing treatment for Plaintiff's impairments . . . which the ALJ accounted for in his RFC finding." Comm'r's Br., pp. 8-9. She, as did the AC, dismisses the bulk of the additional evidence because it details treatment received after June 7, 2013. Id. at 9. The Court disagrees and finds the additional evidence shows the actual nature and severity of Plaintiff's shoulder and knee issues which could possibly change the administrative result.

The ALJ's RFC determination discounts Plaintiff's knee problems, asserting X-Rays revealed very "mild degenerative changes without fracture dislocation or joint effusion." R. 87. As for Plaintiff's right shoulder, the ALJ noted "X-rays show[ed] negative findings and no treatment or other findings with respect to the claimant's right shoulder." R. 88. Accordingly, the ALJ's RFC determination assigned no findings or limitations to Plaintiff's right shoulder. R. 85. Plaintiff's additional evidence of left knee and right shoulder issues are in stark opposition to the ALJ's RFC determination. See R. 85, 86-88, 62, 48, 71, 72. The MRI of Plaintiff's left knee revealed mucoid degeneration of the ACL, mild tricompartmental knee joint osteoarthritis, and most significantly, T2 intense soft tissue edema in Hoffa's fat pad. R. 77. Plaintiff's right shoulder problems required an arthroscopy procedure, and Dr. Rosenbaum recommended further surgical procedures. R. 53.

The Court in no way suggests that consideration of this additional evidence requires a finding of disability. The test on review in this Court is reasonable possibility. As discussed

8

above, the ALJ's RFC determination discounted the extent of Plaintiff's shoulder and knee problems, based on the absence of medical evidence that can be found, at least in some measure, in the additional evidence. It is the province of the ALJ to examine the entirety of the record evidence and deliver a decision that weighs that evidence in its totality. See Caulder v. Bowen, 791 F.2d 872, 877-78 (11th Cir. 1986); see also Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

Because the additional evidence must be considered and weighed against the totality of the record evidence, the Court need not address Plaintiff's remaining contention that the ALJ improperly discounted treating physician Dr. Rosenbaum's opinion. The Court should not conduct its own review of the entirety of the medical evidence prior to allowing the Commissioner to conduct her own administrative evaluation of the evidence in the first instance. See Mills, 226 F. App'x at 931-32; Martin, 748 F.2d at 1031.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with

this opinion.

SO REPORTED and RECOMMENDED this 19th day of April, 2016, at Augusta, Georgia.

*[signature: Brian K. Epps]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA